## Carroll, Receiver, v. Holcomb

*S. H. Smith*, for plaintiff.
*Schrier & Vallilee*, for defendant.

CULVER, P. J., April 5, 1937.—This is an action in assumpsit brought by plaintiff against defendant to recover an assessment made by the comptroller of the currency on a share of bank stock owned by one J. A. Whipple, who died testate January 25, 1931, and by his last will made defendant, Lena Holcomb, one of the residuary legatees under his said will.

Plaintiff's statement alleges, in paragraph 8, that in the course of the settlement of the estate of said J. A. Whipple, deceased, one share of said bank stock owned and held by him in his lifetime was allotted and distributed by the executors of his estate to defendant on or

about March 28, 1933, prior to the failure of said bank, to apply upon her distributive share in said estate, as shown by their final account, which was duly confirmed by the court.

The statement further alleges that by virtue of the premises and of the statutes in such case made and provided, defendant became and is indebted to plaintiff in the sum of $100, with interest from April 9, 1934. Plaintiff's statement does not set forth the date when the said bank became insolvent or closed to business.

In the affidavit of defense it is alleged that the bank proclamation of the President of the United States dated March 5, 1933, suspended all banking transactions from March 6, 1933, to March 9, 1933, inclusive; that at the expiration of said bank holiday the First National Bank of Monroeton, Pa., did not continue business but remained a closed banking institution.

"Just when the failure of a bank takes place may perhaps be a question of fact, but it would seem reasonable to hold that a bank which closed its doors never to reopen failed on the date of closing so that the equitable lien above referred to attached on that date": Ward v. Integrity Trust Co. et al., 17 Fed. Supp. 122, 126.

Defendant answers paragraph 8 of plaintiff's statement of claim as follows:

"(8) In answer to paragraph eight of the plaintiff's statement of claim, the defendant denies the matters therein set forth, and on the contrary alleges that the said share of bank stock was not distributed by the executors of the estate of J. A. Whipple to the defendant prior to March 28, 1933, nor at any time subsequent thereto, and that the defendant has never accepted said share of bank stock."

Thus the allegation in paragraph 8 of plaintiff's statement:

"That in the course of the settlement of said estate of said J. A. Whipple, deceased, one share of the said bank

stock owned and held by him in his lifetime, was allotted and distributed by the executors of his estate to Lena Holcomb, the defendant, on or about March 28, 1933, prior to the failure of said bank, to apply upon her distributive share in said estate, as shown by their final account, which was duly confirmed by the court";

is flatly denied, and defendant sets forth in her affidavit of defense in answer to that paragraph that the said share of bank stock was not distributed by said executors to defendant prior to March 28, 1933, nor at any time subsequent thereto, *and that the defendant has never accepted said share of bank stock.*

In further answer to plaintiff's statement of claim defendant alleges that said First National Bank of Monroeton, Pa., by reason of the bank proclamation of the President of the United States dated March 5, 1933, suspended banking transactions from March 6, 1933, to March 9, 1933, inclusive; that at the expiration of said bank holiday the First National Bank of Monroeton, Pa., did not continue business but remained a closed banking institution; that thereafter the Comptroller of Currency took charge of the First National Bank of Monroeton and T. Frank Carroll was appointed receiver of said bank; that the final account of the executors of the said J. A. Whipple estate was filed March 28, 1933, confirmed nisi May 4, 1933, and confirmed finally May 15, 1933, and from and after March 6, 1933, the executors of the said estate of J. A. Whipple, had no authority to distribute any shares of bank stock of the said First National Bank of Monroeton, Pa., standing then in the name of J. A. Whipple; that at the time of the failure of said First National Bank of Monroeton, Pa., defendant did not hold or own any share of bank stock of the said First National Bank of Monroeton, Pa.

We are of opinion that the affidavit of defense is sufficient to prevent judgment. Defendant denies positively that she ever received or accepted the said share of bank

stock or became the owner thereof, and, indeed, plaintiff's statement does not allege that she did so. It bases its contention upon the assertion that the executors of the estate of J. A. Whipple, in their final account, claim credit for one share of bank stock allotted and distributed by the executors to defendant.

According to the affidavit of defense this final account of the executors was not filed until after the failure of the said bank and the closing of its doors. There is no allegation in plaintiff's statement that the certificate of stock was ever delivered to defendant or that any transfer thereof was made on the books of the banking institution.

Notwithstanding that the transfer on the books of the banking institution is not necessary to fix liability of the actual owner of the stock, it is necessary that defendant was the actual owner of the stock in order to subject her to the liability of an assessment thereon.

As defendant specifically denies that she ever received or accepted the said share of stock or became the owner thereof at any time, we think a question of fact is raised that must be submitted to a jury.

The question whether or not stock bequeathed was ever accepted is a jury question and was so recognized in Ward v. Integrity Trust Co. et al., supra, in the following language (p. 125) :

"It appears from the bill that these shares were never registered in her name on the books of the bank, however, and it may be that they were not accepted by her. If, however, she became the actual owner of the shares, even though they were not registered in her name, she would be liable for the assessment."

### Order

And now, to wit, April 5, 1937, after due and careful consideration, plaintiff's rule for judgment for want of sufficient affidavit of defense is discharged. An exception is noted for plaintiff and a bill sealed.